UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES ALFORD WINGFIELD,

    Petitioner,

v.                                           Case No. 4:06-CV-130

LINDA METRISH,                      HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the report and recommendation dated November 30, 2009, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be denied. Petitioner raised the following three claims:

    I.      Is [Petitioner] entitled to a new trial where the jury was not representative of the community?

    II.     Is [Petitioner] entitled to resentencing where the imposed sentence was violative of the rule of proportionality?

    III.    Is [Petitioner] entitled to a new trial where he was denied effective assistance of counsel at trial?

Petitioner's Objection concerns only claims I and III. Regarding claim I, the magistrate judge concluded that the Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established federal law as enunciated by the Supreme Court because Petitioner failed to satisfy the second and third prongs of the three-prong test under *Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664 (1979). The magistrate judge concluded that claim III fails

because Petitioner failed to demonstrate prejudice resulting from his counsel's failure to hire an investigator, as required for his ineffective assistance of counsel claim.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and the petition denied.

With regard to claim I, Petitioner argues that he met the second prong of *Duren* because there were no African-American jurors in the jury pool and it can be presumed that the percentage of African-Americans in Calhoun County, Michigan is not zero. Petitioner further argues that this shows a systemic exclusion of potential African-Americans from Petitioner's jury pool. The Court rejects these arguments because they are wholly conclusory and lack any evidentiary support. The magistrate judge did not err in recommending that this claim be rejected.

Regarding claim III, Petitioner contends that counsel was ineffective because an investigator may have located other witnesses or may have been otherwise able to aid counsel in preparing materials to cross examine prosecution witnesses. Petitioner offers nothing more than speculation that an investigator would have uncovered evidence that might have been useful in the case. In his report and recommendation, the magistrate judge thoroughly examined the testimony that the witnesses the investigator might have located would have provided and compared it to the testimony at trial. The magistrate judge found that two of the witnesses would have had little bearing on the outcome of the trial because their testimony did not contradict testimony from six other witnesses that placed Petitioner with the victim on July 25-27, 1982. The magistrate judge found that the remaining witness would not have affected the outcome of the trial, even if she had testified in Petitioner's favor, because another witness testified that Petitioner admitted to killing the victim in an entirely different conversation. Thus, Petitioner's ineffective assistance claim fails.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 30, 2009 (docket no. 25) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (docket no. 26) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: January 27, 2010          /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE